Filed 6/27/13  P. v. Payne CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C072002 |
| Plaintiff and Respondent, | (Super. Ct. No. 108597) |
| v. | |
| EDWARD PAYNE, | |
| Defendant and Appellant. | |

This is an appeal by defendant Edward Payne from an order of the Sacramento County Superior Court recommitting him to Patton State Hospital as a mentally disordered offender (MDO) pursuant to the Mentally Disordered Offender Act (Pen. Code, § 2960 et seq.) (MDOA).  We dismiss the appeal.

On October 18, 2011, the district attorney filed a petition for continued involuntary treatment of defendant as an MDO.  It was alleged that defendant had previously been committed as an MDO after having been convicted of battery by a prisoner on a nonconfined person (Pen. Code, § 4501.5) and was presently housed at Patton State Hospital.  His commitment was to terminate April 12, 2012.

1

On August 30, 2012, following a court trial, the court found that defendant had a severe mental disorder that was not in remission or could not be kept in remission without treatment, and by reason of his severe mental disorder he represented a substantial danger of physical harm to others. He was ordered recommitted to Patton State Hospital for one year, to terminate April 12, 2013.

Defendant appeals.

Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), stating that he has reviewed the record on appeal and has been unable to identify any specific issues arguable on appeal. Counsel states that he has informed defendant of the nature of the *Wende* brief and that he may request to file a supplemental brief if he so chooses. To date we have had no communication from defendant. Counsel requests that, pursuant to *Wende*, we review the entire record to determine whether there are any arguable issues on appeal.

In *People v. Taylor* (2008) 160 Cal.App.4th 304, at page 312, the court held that *Wende* review did not apply to MDO recommitments, but instead was required only for " 'appointed appellate counsel's representation of an indigent *criminal* defendant in his first appeal as of right.' [Citation.]" *Taylor* observed that pursuant to Penal Code section 2972 subdivision (a), that MDOA proceedings were expressly defined as civil in nature (*ibid*.), and that the decisions of the California Supreme Court in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, and *In re Sade C.* (1996) 13 Cal.4th 952, compelled the conclusion that *Wende* review procedures were not applicable to postconviction commitment proceedings under the MDOA.[1] (*People v. Taylor, supra*, 160 Cal.App.4th at p. 312.)

---

[1] *In re Sade C.* held that *Wende* review did not extend to an indigent parent's appeal of an order adversely affecting custody rights or parental status. (*In re Sade C., supra*, 13 Cal.4th at p. 959.) *Conservatorship of Ben C.* held that *Wende* review was not

Appointed appellate counsel having found no arguable issues and appellant having not filed a supplemental brief, dismissal is appropriate pursuant to our decision in *Taylor*.

DISPOSITION

The appeal is dismissed.

      HULL      , J.

We concur:

      BLEASE      , Acting P. J.

      BUTZ      , J.

---

available to conservatorship proceedings under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.).  (*Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 535.)